You may proceed whenever you're ready. Thank you. Good morning, your honors. My name is R. Wayne McMillan. Alex Knight is a permanent resident of the United States. He pled guilty to the charge of 10851 of the Vehicle Code. He ultimately was sentenced to a two-year prison sentence. The Immigration Court found that that was an aggravated felony under the, as a theft offense, and he was ordered to be courted. It is our position that Arriaga is on point, and this case should be decided based upon that case because they are practically identical. First of all, I'd like to talk a bit about criminal pleadings. They are pled in the conjunctive. They use the word, and, it would, they couldn't use the word are because the defendant would not be placed on proper notice as to what he's actually accused of. So that's just a method of pleading. In addition, in California, I suppose all states, pleadings are shorthand versions of the statute. They don't purport to declare everything that the defendant is accused of doing wrong. They usually put the date of the victim, but primarily, they mention the statute that a person is pleading guilty under. As to Mr. Knight's, the facts of Mr. Knight's case, as they relate to Arriaga, first of all, the information did declare that, or accused Mr. Knight of driving and taking a vehicle, just like Arriaga. The plea transcript, the district attorney stated to Mr. Knight, to information BA 344545, charging each of you, there was two defendant case, in count three with a violation of vehicle code section 10851 as a felony, unlawful driving or taking of a vehicle, Mr. Knight, how do you plead? And he responds, no contest. That is just like Arriaga. As to the abstract of judgment, the abstract of judgment specifically states, and by the way, that's on page 123 of the administrative record. The transcript was on page 146 of the administrative record. Could you speak up a little bit? It's a little distracting. So if you'd speak a little louder, it would be helpful. Yes, Your Honor. Thank you. The abstract of judgment declares that Mr. Knight was convicted of 10851, and the crime was unlawful drive or take a vehicle. I suppose that's unlawful driving or taking of a vehicle. So that's in the disjunctive also. So if Arriaga opinion is still good law, then Mr. Knight's case, he should win his case, because the facts are absolutely identical. As to Duenas, it's distinguishable because, as Arriaga said, the facts in the case are different. In Mr. Duenas' case, the information was different because the information actually declared that he had taken a vehicle without the owner's consent, and then it moved into the part about taking and driving a vehicle without the owner's consent. Second, in Duenas, there was no plea transcript, so the court was not able to look at any colloquia between the judge and the defendant to determine if there was one and what exactly was he pleading to. And third, the abstract of judgment in Mr. Duenas' case stated that he was convicted of 10-8-5-1 and called the crime auto theft. So that's no- I'm sorry, Mr. Knight. Called it what? Auto theft. Oh. So there was very little, if any, ambiguity in Mr. Duenas' case, unlike Arriaga. A bit about accessory. In California, accessory is penalized as a separate offense under California Penal Code Section 32. It can be, it is, in fact, a separate crime to an underlying offense. If a person is thought to have committed an underlying offense, he's charged with that offense. If he's thought to be an accessory, he's charged with a separate offense of California Penal Code Section 32. And arguably, one could not be convicted of both. I'm not sure about that, but arguably, at least it would take two separate sections or sets of proof to convict that individual. Here in 10-8-5-1, they include, as people responsible for the crime, not only principles, but accessories. That's very unusual in California law to have both principles and accessories included in the general crime. Penal Code Section 10-8-5-1 does not require the district attorney to file a separate charge of accessory. 10-8-5-1 includes accessories as well as principles. And under what I believe should be the appropriate way to look at pleadings, state does not need to plead the entire language of the statute for that statute to be included. Statute, it's a notice pleading. The statute is stated, a general outline of what the defendant did, and then any factual ambiguities are cleared up at the end of trial by use of jury instructions. At that point, the district attorney will have to argue accessory. They would submit those jury instructions. I don't have much to say about Mathis. I don't know if this Court could render a decision based on Mathis. I would. Well, you know, to me, just speaking for myself, it doesn't seem to change the analysis in my view. The issue has always been divisible or indivisible, and it's indivisible if the alternatives are not elements. But I don't see that that's new in Mathis. That seems to be the way we looked at things before Mathis, after Taylor. So could you comment on whether you think it changes the analytical framework? I think the decisions prior to Mathis had moved in that direction. Mathis was just a continuation. But Judge Thomas did not rule, but held that he thought that he, as well as he said, he cannot conclude that 10.851 is a divisible offense. But then he said, well, then if it's not, if it's an indivisible offense, he suggested, as the Court did, to take a peek at the record of conviction. And the record of conviction is ambiguous and therefore would not meet the government standard of proving that a legal permanent resident is deportable based upon clear and convincing evidence. So I agree with you that Mathis does not alter the outcome of Mr. Knight's case. Well, if Mathis doesn't change the analysis, then why doesn't Duane S. Alvarez control? I'm not familiar with Alvarez, Your Honor. I'm sorry. And I have nothing further. I appreciate it. I will answer any other questions that you have. You're welcome to reserve the remaining time. Yes, if you don't mind. Thank you. Good morning, Your Honors. I'm Erica Miles for the Attorney General. To quickly address the Mathis questions, the government's position is stated in our brief. Unless you have expounding questions for me, I'll be brief here. We agree Mathis has not changed the legal landscape and that Duane S. Alvarez is governing precedent. And that determination is that this is a divisible statute. And we remain firm on that point that Duane S. Alvarez survives and that the underpinnings, that accessories after the fact are a separate liability offense with distinct elements that must be proven from any of the principal acts, all of which are included under the statute. Therefore, the agency adjudicators properly moved on to the modified categorical approach. In this case, it was permissible. And in conducting that, in looking and examining the documents, they reached the correct conclusion that the documents unambiguously show that the charging document sufficiently narrowed the charge to the generic offense, the principal offense, and that he pled to the generic offense. We have not only this, this is distinguishable from Arriaga-Piñon. I agree that there's some tension, but we definitely have distinguishing circumstances in this case from Arriaga-Piñon. Most notably, Arriaga-Piñon, despite the four documents that they mentioned, they highlighted the fact that absent a recitation of the factual basis for his plea, the court there could not tell if he pled guilty to just the statute or to the specific charge in that case. Because in that case, the charge was in fact narrowed, like here, to the generic offense. But the court in Arriaga-Piñon found that there was still some ambiguity, enough ambiguity that they weren't sure if he pled to just the statute and not the specific narrowed generic offense because there was no recitation of a factual plea. In this case, we have the plea colloquy with explicit stipulation to the arrest report and the pre-hearing transcript. And those lay out the elements of the generic offense, that he took the car, he drove the car. No facts or elements about accessory after the fact, which requires the completed crime and obstructionist type of activity. So in this case, on this record, we have absolutely a distinguishing and very strong set  of evidence. The record of conviction is different. It is different. We have the stipulation to the facts in this case. If the court – does the court have any other questions about the sufficiency of the documents or about – it sounds like counsel concedes that Mathis has not changed the landscape and that divisibility stands as governing precedent in this court. If the court doesn't have any further questions for me. I don't believe that we do. Okay. Then I will cede my time. Thank you. Mr. McMillan, did you wish to rebut? I disagree with counsel as to the recitation. The recitation included both the statute and the count. It said, charging each of you in count three with a violation of vehicle code section 10851 as a felony, then the driving or the taking. And as stated in Arriaga, it is unclear whether he was agreeing that he drove and took or he drove or took. But the closest thing to when he pled no contest was the language, he drove or took. Second, stipulation to the police report. Mr. Knight's counsel at age 45 – 145, excuse me – of the plea transcript is requested. Does counsel stipulate to a factual basis based upon the police report and preliminary hearing transcript? And Mr. – or I guess Based on the preliminary hearing transcript, yes. So not the police report. Second, a reading of the preliminary hearing deals mostly with the arrest of Mr. Knight and his co-defendant as they were caught driving the vehicle and they fled and apparently tried to take a bicycle. Do we know from the record who drove? I believe Mr. Knight was the driver. Okay. Mr. Rable, I believe his name was, was the passenger. But there is nothing – the only reference in the preliminary hearing transcript to the theft itself was a – and the witness wasn't there. The victim was not there, which is common in California preliminary hearing law. But the police officer testified that he had a conversation with the victim and the victim said he had a conversation with Harry. Harry owned the repair shop where the car was. And Harry drove by the night before on the 3rd at 10 o'clock and the car was still there. He drove by the next morning at 7 a.m. The gate was unlocked and the car was missing. At around 7 o'clock at night of the 4th, my client was found driving the vehicle. The police report, by the way, if you do want to consider it, it includes a statement by my client and that's also mentioned in the preliminary hearing transcript that he didn't know it was stolen and furthermore that he – that's the 4th page of the police report – that he got the car on 87th Street from some guy named DJ and DJ told him that the car wasn't stolen and he just wanted to drive it home and on the way he picked up Nigel. And that, you know, if we're the entire police report. Does the Board have any questions? No. I don't believe we do. Thank you very much. Thank you. The case just argued is submitted and we appreciate both counsel's arguments.
judges: Schroeder, Graber, Watson